# EXHIBIT A

# EXHIBIT A




# DISTRICT COURT CIVIL COVER SHEET

County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

A-15-713351-C
IX

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| RITA COLON | COMMUNITIES IN SCHOOLS OF NEVADA, INC. |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| JOSHUA M. SANTERAMO, ESQ.<br>SCHEUTZE & McGAHA, P.C.<br>601 S. Rancho Drive, Suite C-20<br>Las Vegas, Nevada 89106 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☒ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil cover sheet.*

February 3, 2015
Date

Signature of initiating party or representative

*See other side for family-related case filings.*

ORIGINAL

WILLIAM W. McGAHA, ESQ.
Nevada Bar #3234
JOSHUA SANTERAMO, ESQ.
Nevada Bar #12086
SCHUETZE & McGAHA, P.C.
601 S. Rancho Drive, Suite C-20
Las Vegas, Nevada 89106
Fax: (702) 369-2110
Attorneys for Plaintiff

Electronically Filed
02/03/2015 01:15:29 PM

CLERK OF THE COURT

# DISTRICT COURT

## CLARK COUNTY, NEVADA

RITA COLON, an individual

Plaintiff,

vs.

COMMUNITIES IN SCHOOLS OF NEVADA, INC., a Domestic Corporation; DOES I through X inclusive, and ROES CORPORATIONS XI through XX, inclusive,

Defendants.

Case No: A-15-713351-C
IX

**COMPLAINT FOR:**

1. Retaliation in Violation of the Nevada Industrial Insurance Act;

2. Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (as amended), and the American With Disabilities Act (ADA);

3. Retaliation in Violation of the ADA;

4. Discrimination and Retaliation In Violation of NRS 613.330, et. al;

**[DEMAND FOR JURY TRIAL]**

**COMES NOW**, Plaintiffs, **RITA COLON**, by and through her attorneys of record, **WILLIAM W. McGAHA, ESQ.**, and **JOSHUA SANTERAMO, ESQ.**, of the law offices of **SCHUETZE & McGAHA, P.C.**, and for causes of action against Defendants, and each of them, allege as follows:

I.

## PARTIES

1. Rita Colon ("Plaintiff") was an individual employed by Communities in Schools of Nevada, Inc. ("CISN"). Plaintiff is, and was at all times during her employment with CISN a resident of the County of Clark, State of Nevada.

///

Page 1 of 12

2. Defendant CISN was and is a corporation doing business in the County of Clark, State of Nevada. CISN's main office was and is located at 3883 Howard Hughes Parkway, Suite 1100, Las Vegas, Nevada 89169.

3. Upon information and belief, and at all times relevant hereto, the identities of the Defendants named and/or fictitiously named as DOES I through X and ROES CORPORATIONS XI and XX, are all entities doing business as CISN, and/or other names, and each of them were individuals, partnerships, companies, corporations, or other entities that by reason of such relationships with Defendants, and each of them, are jointly and severally responsible and liable for the damages alleged herein. The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES I through X and ROES CORPORATIONS XI and XX, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore, alleges that each Defendant herein designated as a DOE or ROE is legally responsible in some manner for the events and happenings herein referred to and proximately caused the injury and damages alleged herein. Plaintiff is informed and believes and thereon alleges that DOES I through X and ROES CORPORATIONS XI and XX, inclusive, are residents and citizens of the State of Nevada or are corporations doing business in the State of Nevada. Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their true identities become known.

II.

**FACTUAL ALLEGATIONS**

4. During the time material to this Complaint, Plaintiff was employed as a Site Coordinator for CISN and had been an employee since August 4, 2014.

5. Plaintiff was offered a full-time position at a salary of $36,000.00 per year with a $600.00 cell phone allowance per year.

///

6. On September 25, 2014, Plaintiff was injured while on the job. While directing traffic outside of Diaz Elementary School, she tripped and fell onto her left side.

7. That same day Plaintiff was transported by ambulance to Sunrise Hospital and Medical Center where she complained of left wrist pain, left hip pain, left knee pain, and left ankle pain from a ground-level fall. Sunrise Hospital confirmed contusions to the hip, ankle, knee, and wrist.

8. Sunrise Hospital excused Plaintiff from work through Friday, September 26, 2014 and told her to follow up with a primary care doctor.

9. On September 26, 2014, Plaintiff attempted to follow up with her primary care provider but was informed that she would need to see a different doctor if it was a workman's compensation related injury.

10. On September 27, 2014, Plaintiff contacted Valerie Kimball (State Operations Director) for CISN by email and reported that her doctor's appointment needed to be rescheduled and that she could not be seen on Friday. Plaintiff also mentioned that she wanted to write a statement regarding the injury and informed Kimball that a C-4 form would be faxed by the hospital to CISN. Plaintiff indicated she would follow up with medical care on September 29, 2014.

11. On September 29, 2014, Kimball responded to Plaintiff's previous email, thanking her for the communication and informing her that Brandon LNU is completing a report for which Plaintiff will provide a statement regarding her injury.

12. That same day Plaintiff attempted to treat at Concentra but was turned away. She was told that the employer needed to initiate the workman's compensation claim before she could be seen.

13. Later that day, Plaintiff informed Kimball that she would be seen by a workman's compensation doctor on September 30, 2014 at 9:30 am.

14. On September 30, 2014, Plaintiff was evaluated at Concentra Medical Center. She was diagnosed with lumbar strain, shoulder/upper arm strain, elbow/forearm strain, thigh/hip sprain, knee/leg sprain, ankle sprain, and foot sprain. She was provided a back brace

1 and large knee brace. She was to return for reevaluation on October 3, 2013. The report also made clear under "Activity Status" that Plaintiff was to have "No activity." A Physicians Work Activity Status Report provided to Defendant and its insurer, Employers Insurance Company of Nevada, also confirmed Plaintiff was to have no activity.

15. Plaintiff contacted CISN following her appointment with Concentra and informed CISN that she was told to remain out of work and that she was in a knee brace, back brace, and using a cane. Plaintiff's mother-in-law, Luci, also provided the aforementioned Activity Status Report to CISN.

16. On Friday, October 3, 2014, Kimball confirmed receipt of Luci's email and the Concentra report and asked for a copy of the follow up report when received.

17. That same day, Plaintiff's mother-in-law contacted Kimball and informed her that the October 3rd appointment was rescheduled because Plaintiff was in pain and unable to move well. This caused difficulties in transporting her and the appointment was rescheduled for Monday, October 6, 2014.

18. On October 6, 2014, Plaintiff was reevaluated at Concentra Medical Center. Her diagnosis remained the same. Concentra authored another Physician Work Activity Status Report that under "Patient Status" stated "No Activity." The status also indicated that Plaintiff had to use a cane and knee brace. A follow up visit was scheduled for October 9, 2014.

19. That day, Plaintiff also received correspondence dated October 2, 2014 that her workman's compensation case was being denied because of an inability to determine that her injuries were work related.

20. On October 7, 2014, Kimball followed up with Plaintiff for a status regarding the October 6th doctor's visit.

21. In response, Plaintiff provided a copy of this Activity Status Report from October 6th. Plaintiff also informed Kimball that she received notice that her workman's compensation claim had been denied. She asked Kimball for help with an appeal.

22. Thereafter, Plaintiff called a representative, Cary Ferguson, for the Defendant's insurer, who stated that CISN's Human Resources Department claimed that Plaintiff's injury

was not work related.

23. On October 7, 2014, Kimball requested more details regarding the October 6th Status Report and return to work status.

24. Plaintiff replied stating that she would contact her doctor regarding more details, but that she understood she would be out for a at least a week and needed to make an appointment with a specialist. Plaintiff also informed Kimball that she had a follow up appointment scheduled for Thursday, October 9th.

25. That same day, Plaintiff contacted Concentra for additional information regarding her return to work status. Concentra informed Plaintiff that if the employer required a more detailed Activity Status Report, the employer needed to contact Concentra regarding what additional specifics are necessary.

26. Thereafter, Plaintiff contacted Kimball and informed her that she would need to follow up with Concentra if additional information was necessary.

27. On October 9, 2014, Plaintiff attempted to go to her next appointment with Concentra but was turned away because the workman's compensation case was denied.

28. On October 10, 2013, Kimball called Plaintiff and told her that she was being terminated for filing a workman's compensation claim, that Plaintiff should not have filed the claim, and that the claim will cost CISN financially. Plaintiff was informed that she had "abandoned work" and would be terminated effective immediately.

29. Thereafter, Kimball emailed Plaintiff claiming that the only documentation she had regarding Plaintiff's condition shows that she was to return to work on Monday, September 29th.

30. Plaintiff still had an apple laptop and two books in her workplace filing cabinet that she requested to a have her father pick up for her.

31. In response to Plaintiff's request for her personal property, Kimball emailed Plaintiff claiming that CISN representatives attempted to retrieve the property but that the items could not be located. Kimball then cited to a portion of the employee handbook disclaiming responsibility for the lost items. Plaintiff and her family were also banished from

Page 5 of 12

entering the premises to look for the property themselves.

32. On October 16, 2014, Plaintiff was evaluated at Southwest Medical Associates Urgent Care. This was the first date that she was released to light duty work. Plaintiff could have completed her job duties on a light duty basis had she remained employed.

33. On November 6, 2014, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Las Vegas Local Office and the Nevada Equal Rights Commission alleging violations of disability harassment and discrimination under the ADA, and retaliation. Plaintiff was issued a Notice of Right to Sue. Please see attached **"Exhibit 1"**, Notice of Right to Sue.

34. On December 2, 2014, CISN, through counsel, provided a copy of Plaintiff's employee file.

35. The file contained an exit interview document signed by Kimball on October 10th but unsigned by Plaintiff, indicating that Plaintiff would not be eligible for rehire and was terminated for "attendance."

36. The file also contained an October 1, 2014 letter signed by Brandon LNU for CISN but unsigned by Plaintiff, alleging various "Professional Conduct" issues that Plaintiff had. Plaintiff disputes the veracity of the allegations, which were not documented until after her injury.

37. The file is devoid of any disciplinary documentation or evaluations prior to the time of Plaintiff's injury.

38. Defendant CISN has also threatened Plaintiff and her family with litigation in an effort to intimidate her from pursuing her legal claims.

39. On December 3, 2014, the State of Nevada Department of Administration Hearings Division reversed Defendant's insurer's denial of Plaintiff's workman's compensation claim.

40. As a result of her termination and initial denial of her workman's compensation, Plaintiff has suffered lost wages and other financial harm, emotional distress and depression, and had her treatment significantly delayed.

## III.

## **FIRST CAUSE OF ACTION**

### **(Retaliation In Violation of the Nevada Industrial Insurance Act)**

40. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

41. The Nevada Supreme Court has recognized a cause of action for "tortious discharge," which arises out of the employer-employee relationship but is not dependent on a contract of continued employment. The essence of a tortious discharge is the wrongful, usually retaliatory, interruption of employment by means which are deemed to be contrary to the public policy of this state. D'Angelo v. Gardner, 107 Nev. 704 (Nev. 1991).

42. That the Nevada Supreme Court has also recognized a cause of action for "tortious discharge" in violation of public policy when an employee is retaliated against by an employer for pursuing his or her rights under the Nevada Industrial Insurance Act. Hansen v. Harrah's, 100 Nev. 60 (Nev. 1984).

43. Defendant CISN retaliated against Plaintiff in violation of the Nevada Industrial Insurance Act by taking adverse employment action against Plaintiff, including but not limited to fabricating misconduct allegations, terminating her employment, refusing to return her personal property, and threatening her with litigation to intimidate her from pursuing legal remedies.

44. As a direct and proximate result of Defendants' unlawful, discriminatory conduct, Plaintiff suffered financial harm, lost wages, loss of earning capacity, loss of employment, and severe physical and emotional distress for which she claims all available categories of damages, including compensatory and punitive damages from Defendant(s).

45. The above described acts of Defendant(s) were intentional, deliberate, willful, malicious, reckless and done with a conscious disregard for the harm caused to Plaintiff and her protected rights, and justify punitive damages.

46. Plaintiff is entitled to all legal and equitable remedies available under D'Angelo v. Gardner, 107 Nev. 704 (Nev. 1991), the Nevada Industrial Insurance Act, Hansen v.

Harrah's, 100 Nev. 60 (Nev. 1984) and its corresponding case line, as a result of the retaliation suffered as a direct result of Defendants' conduct.

47. As a further result of Defendant(s) above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## IV.

## SECOND CAUSE OF ACTION

**(Unlawful Employment Practices: Discrimination on the Basis of Disability Against the Defendant Employer)**

48. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

49. Plaintiff belongs to the class of individuals protected by Title I of the Americans with Disabilities Act (ADA).

50. Under the ADA and applicable laws cited herein, Defendant CISN has a duty to not treat an applicant or employee less favorably because she has a history of a disability, or because she is believed to have a physical or mental impairment. The law requires an employer to provide reasonable accommodations to an employee or job applicant with a disability, unless doing so would cause significant difficulty or expense for the employer ("undue hardship"). Further, the law forbids discrimination when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment. Plaintiff has the same rights in every State, among other things, to the full and equal benefit of the laws and proceedings for the security of persons and property as enjoyed by all citizens, and shall, among other things, be subject to like exactions of every kind, and to no other.

51. That Plaintiff suffered from a covered disability in one (or all) of three ways:

(a) Plaintiff was disabled by way of a physical condition that substantially limited a major life activity, including walking, standing, working, and carrying;

(b) Plaintiff has a medically documented physical disability related to her back, hip and leg; and

(c) Plaintiff has suffered from a physical disability that lasted more than six months and was not minor in nature, ultimately requiring surgical intervention.

52. That Defendant CISN also regarded Plaintiff has having said disability.

53. That Plaintiff placed CISN on notice in September 2014 of her injuries and disability, and provided corroborating documentation from she was under care of a physician.

54. That once put on notice of Plaintiff's injury, CISN failed to engage Plaintiff in any sort of formal or informal interactive process as required under the ADA and applicable laws cited herein to clarify what her individual needs were, and identify appropriate accommodations that would be necessary during the pendency of his injury and disability.

55. That instead, CISN terminated Plaintiff and refused to provide any accommodations under the pretext that Plaintiff "abandoned work."

56. That CISN could have allowed Plaintiff to work with reasonable accommodations that would not have caused an undue hardship had it engaged Plaintiff in an interactive formal or informal process, including providing time off and light duty accommodations, which were approved by October 16, 2014.

57. That CISN has taken it upon itself to state that Plaintiff is ineligible for a rehire even if she is released to full duty and made this determination on October 10th, the day of Plaintiff's termination.

58. That CISN was fully aware of Plaintiff's course of treatment and that she was to have no activity until October 16th, but failed to maintain Plaintiff's employment position or a reasonable alternative position so that she could return to work.

59. Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) against CISN alleging discrimination and harassment based on disability.

///

60. The conduct of CISN described in this Complaint constitutes unlawful discrimination in violation of the Americans with Disabilities Act (ADA).

61. As a direct and proximate result of CISN's unlawful, discriminatory conduct, Plaintiff suffered financial harm, lost wages, loss of earning capacity, loss of employment, and severe physical and emotional distress for which she also claims compensatory and punitive damages. The above described acts of CISN were intentional and done with a conscious disregard for Plaintiff's protected rights.

62. As a further result of CISN's above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## VI.

## THIRD CAUSE OF ACTION

### (Retaliation in Violation of the ADA)

63. Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

64. Defendant CISN retaliated against Plaintiff in violation of the ADA by taking adverse employment action against Plaintiff, including but not limited to fabricating misconduct allegations, terminating her employment, refusing to return her personal property, and threatening her with litigation to intimidate her from pursuing legal remedies.

65. As a direct and proximate result of Cove Electric's unlawful, discriminatory conduct, Plaintiff suffered financial harm, lost wages, loss of earning capacity, loss of employment, and severe physical and emotional distress for which she claims all available damages, including compensatory and punitive damages from Defendant(s).

66. The above described acts of Defendant(s) was intentional, deliberate, willful, malicious, reckless and done with a conscious disregard for the harm caused to Plaintiff and his protected rights, and justify punitive damages.

67. Plaintiff is entitled to all legal and equitable remedies available under the ADA as a result of the retaliation suffered as a direct result of CISN's conduct.

1     68.   CISN retaliated against Plaintiff because Plaintiff opposed that which she reasonably and in good faith believed to be unlawful discrimination in her employment.

    69.   As a further result of Defendant(s) above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## VI.

## FOURTH CAUSE OF ACTION

**(Disability Discrimination, and Retaliation Pursuant to NRS 613.330, et. al)**

    70.   Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

    71.   The above discrimination, harassment and retaliatory termination by Defendant constitutes unlawful discriminatory employment practices under the Nevada Equal Employment Opportunity Act, NRS 633.310 et seq.

    72.   As a direct and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages for the loss of income, false accusations, mental anguish and violation of her rights unless and until the Court grants relief.

    73.   Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

**WHEREFORE**, Plaintiffs request relief as follows:

1. Back pay, front pay, benefits, statutory and other recoverable damages as allowed by all applicable laws cited herein;
2. Injunctive relief prohibiting future retaliation and enjoining present discrimination;
3. Punitive damages;
4. Attorney's fees and costs pursuant to all applicable laws cited herein;
5. For past and future damages in excess of $10,000.00;

///

///

///

6. For pre-judgment and post-judgment interests; and

7. For such other and further relief as the Court deems proper.

**DATED** this 3 day of February, 2015.

                **SCHUETZE & McGAHA, P.C.**

By
WILLIAM W. McGAHA, ESQ.
Nevada Bar #3234
**JOSHUA SANTERAMO, ESQ.**
Nevada Bar #12086
601 S. Rancho Drive, Suite C-20
Las Vegas, Nevada 89106
Attorney for Plaintiff

# EXHIBIT 1

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rita Colon<br>Po Box 26812<br>Las Vegas, NV 89126 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2015-00107 | Robert Holmes,<br>Investigator | (702) 388-5013 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Amy Burkholder*      **NOV 0 6 2014**

Amy Burkholder,
Local Office Director      *(Date Mailed)*

Enclosures(s)

cc:
**CIS COMMUNITIES IN SCHOOLS OF NEVADA**
ATTN: Human Resources Director
3720 Howard Hughes Parkway
Las Vegas, NV 89169

ORIGINAL

IAFD
JOSHUA M. SANTERAMO, ESQ.
Nevada Bar #12086
SCHUETZE & McGAHA, P.C.
601 S. Rancho Drive, Suite C-20
Las Vegas, Nevada 89106
(702) 369-3225
JAMS@smlvlaw.net

Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| RITA COLON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITIES IN SCHOOLS OF NEVADA, INC., a Domestic Corporation; DOES I through X inclusive, and ROES CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | CASE NO:<br>DEPT NO: |

### INITIAL APPEARANCE FEE DISCLOSURE

Pursuant to N.R.S. 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

Plaintiff RITA COLON                         $270.00

**TOTAL REMITTED**                         $270.00

**DATED** this 3 day of February 2015.

SCHUETZE & McGAHA, P.C.

By _____
JOSHUA M. SANTERAMO, ESQ.
Nevada Bar #12086
601 S. Rancho Drive, Suite C-20
Las Vegas, Nevada 89106
Attorney for Plaintiff

Page 1 of 1

Electronically Filed
03/18/2015 02:25:19 PM

*[Signature]*

**CLERK OF THE COURT**

1  **SUMMS**
   **JOSHUA M. SANTERAMO, ESQ.**
2  Nevada Bar #12086
   **SCHUETZE & McGAHA, P.C.**
3  601 S. Rancho Drive, Suite C-20
   Las Vegas, Nevada 89106
4  (702) 369-3225
   JMS@smlvlaw.net
5
   Attorneys for Plaintiff
6

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| RITA COLON, an individual<br><br>                      Plaintiff,<br><br>vs.<br><br>COMMUNITIES IN SCHOOLS OF NEVADA, INC., a Domestic Corporation; DOES I through X inclusive, and ROES CORPORATIONS XI through XX, inclusive,<br><br>                      Defendants. | CASE NO: A-15-713351-C<br>DEPT NO: IX |

### SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

**COMMUNITIES IN SCHOOLS OF NEVADA, INC., a Domestic Corporation**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Issued at the direction of:    CLERK OF COURT

_____
JOSHUA M. SANTERAMO, ESQ.
Nevada Bar No. 12086
SCHUETZE & McGAHA
601 S. Rancho Drive, Suite C-20
Las Vegas, Nevada 89106
Attorneys for Plaintiffs
(702) 369-3225

_____   FEB 19
DEPUTY CLERK    Date
County Courthouse    VIVIAN A. CANELA
200 Lewis Avenue
Las Vegas, Nevada 89155

NOTE: When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure, Rule 4(b).

# Affidavit of Process Server

__RITA COLON__ vs __COMMUNITIES IN SCHOOLS OF NEVADA INC.__   __A-15-713351-C__
PLAINTIFF/PETITIONER            DEFENDANT/RESPONDENT            CASE NUMBER

I, __JOHN WILKS #1092__, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I served __COMMUNITIES IN SCHOOLS OF NEVADA INC.__
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) __SUMMONS & COMPLAINT__   RECEIVED ON __3-12-2015__

by leaving with __VALORIE KIMBALL AUTHORIZE TO ACCEPT FOR R/A DIANE F. FEARON__ At
NAME            RELATIONSHIP / TITLE

( ) Residence ____
ADDRESS            CITY / STATE

(X) Business __3720 HOWARD HUGHES PKWY LAS VEGAS 89169__
ADDRESS            CITY / STATE

On __MARCH__ __16th__ __2015__ At __9:11 A.M.__
DATE            TIME

**Manner of Service:**
(X) **Personal:** By personally delivering copies to the person being served; or Agent for Service
( ) **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of __14__ and explaining the general nature of the papers.
( ) **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
( ) **Posting:** By posting copies in a conspicuous manner to the front door of the property/entity being served, thereafter copies of the documents were mailed by prepaid, first class mail on ____, from ____
**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):
( ) Unknown at Address    ( ) Moved, Left no Forwarding    ( ) Service Cancelled by Litigant    ( ) Unable to Serve in a Timely Fashion
( ) Address Does Not Exist    ( ) Other ____

Service Attempts: Service was attempted on: (1) ____ (2) ____
DATE TIME REPORT    DATE TIME REPORT
(3) ____ (4) ____ (5) ____
DATE TIME REPORT    DATE TIME REPORT    DATE TIME REPORT

Description: Age __40__ Sex __F__ Race __W__ Height __5'6"__ Weight __125__ Hair __BLND__ Beard ____ Glasses ____

Dated: ____ 2015            ____
                            SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this
____ day of ____, 2015

NOTARY PUBLIC in and for the
County of ____, State of ____

OR: THE FOLLOWING: Per NRS 53.045
(a) If executed in this State (NEVADA):    "I declare under the penalty of perjury that the foregoing is true and correct"

Executed on __MARCH__ __16th__ __2015__            _/s/ John Wilks_
DATE                            SIGNATURE OF PROCESS SERVER

JOHN WILKS PROCESS SERVING LIC#1092
6440 SKY POINTE DR. 140-122
LAS VEGAS NV 89131
(702) 839-2957